UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CAROLE KITTRELL,

                     Plaintiff,                                                 **ORDER**

          -against-                                                     10-CV-2606 (NGG) (RLM)

THE DEPARTMENT OF CITYWIDE
ADMINISTRATIVE SERVICES DIVISION OF
PERSONNEL, DEPARTMENT OF HOMELESS
SERVICES, HUMAN RESOURCES
ADMINISTRATIVE SERVICES, and THE CITY
OF NEW YORK,

                     Defendants.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

       On June 4, 2010, Plaintiff Carole Kittrell brought suit against Defendants Department of Citywide Administrative Services Division of Personnel ("DCAS"), Department of Homeless Services ("DHS"), Human Resources Administrative Services ("HRA"), and the City of New York ("City") alleging violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and New York State Human Rights Law. (See Compl. (Dkt 1); Am. Compl. (Dkt. 13).) Following discovery, Defendants moved under Federal Rule of Civil Procedure 56 for summary judgment as to all of Plaintiff's claims (Mot. for Summ. J. (Dkt. 34)) and Plaintiff opposed Defendants' motion (Pl. Opp'n to Summ. J. (Dkt. 39).) The court referred the motion to Magistrate Judge Roanne L. Mann for a Report and Recommendation (R&R) pursuant to 28 U.S.C. § 636(b) (Oct. 27, 2011, Order). On March 14, 2013, Judge Mann issued an R&R recommending that Defendants' motion be granted in its entirety. (See R&R (Dkt. 48).)

Plaintiff submitted a pro se objection to Judge Mann's R&R on May 10, 2013.[1] (Pl. Obj. (Dkt. 51).)

In reviewing a magistrate judge's R&R, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see also Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007) (failure to object waives further judicial review). The court reviews de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, "when a party makes only conclusory or general objections . . . the Court reviews the Report and Recommendation only for clear error." Thompson v. Yelich, No. 09-CV-5039 (KAM), 2012 WL 5904359, at *1 (E.D.N.Y. Nov. 12, 2012) (citation omitted).

Plaintiff's pro se objection restates the allegations in her Complaint and reargues her claims, but makes no specific objection to Judge Mann's R&R other than to disagree with it. (See Pl. Obj.) Her objection, made in the form of an affidavit, is largely the same as her affidavit in opposition to summary judgment. (See Pl. Aff (Dkt. 39); Pl. Opp'n to Summ. J.) Because Plaintiff has made no specific objection to Judge Mann's R&R, the court reviews the R&R for clear error.

---

[1] Plaintiff filed her Complaint pro se, but was represented by counsel when she filed her opposition to summary judgment. (See Oct. 15, 2010 Ltr. (Dkt. 10); Pl. Opp'n to Summ. J.) After Judge Mann issued her R&R, Plaintiff informed the court that she would be objecting to the R&R pro se. (See Mot. for Ext. (Dkt. 49).) The court held a status conference with the parties and both Plaintiff and her counsel were in attendance. (See April 11, 2013, Minute Entry.) At the conference, the court granted Plaintiff's counsel's oral application to withdraw his representation. (Id.)

The court finds that there is no clear error in Judge Mann's R&R. Cf. Cary v. Ernst, 333 F.R. 666, 669 (S.D.N.Y. 2005) ("To be clearly erroneous, a decision must strike us as more than maybe or just probably wrong; it must strike us as wrong with the force of a five-week-old unrefrigerated dead fish.") Therefore, the R&R is ADOPTED IN FULL and Defendants' motion for summary judgment is GRANTED. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
May 28, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge